Nash, C. J.
 

 This case is governed by those of
 
 Dameron
 
 v. Irwin, 8 Ire. Rep. 421 ;
 
 Tucker
 
 v.
 
 The Justices of Iredell,
 
 13 Ire. R. 434. The first was an action on a bond executed by the defendants, who were commissioners, appointed by the County Court of Oleaveland, to make a contract for the building of a court-house. There was a dispute as to the sufficiency of the work, and the contractor brought the action. The Court decide that the action could not be sustained, because the defendants were public agents, and not bound individually. They had not so contracted. The case of Tucker is directly in point. Under a contract with commissioners, duly appointed, the plaintiff had built a bridge for the county, and the County Court had made an order for payment by the defendant, who was the county trustee. This order was presented, but not paid for want of funds; though the defendant had promised to pay when funds came into his hands. At a subsequent Court that order was repealed. In their argument, the defendant’s counsel took the position that the action ought to have been against the trustee. The Court say no action lay against the trustee on his promise to pay when funds came into his hands, because he would hold the money as a public officer, and while in liis hands it was subject to the control of the County Court, without whose authority he could not pay it to any one.
 

 In our case, after the second order of the Court reversing the first, under which the promise was made by the defendant, and upon which the action is brought, the defendant had no power to pay the demand of the plaintiff. He was not personally liable, for he was a public officer, and as such the promise was made. There is no error.
 

 Per CuriaM. Judgment affirmed.